IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| STEVEN TODD FAIRCLOTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:25-CV-440 (MTT) |
| ) | |
| BIBB COUNTY, GEORGIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

# ORDER

Plaintiff Steven Faircloth filed this pro se lawsuit and contemporaneously moved for leave to proceed *in forma pauperis* ("IFP"). ECF 1; 2. On November 10, 2025, the Court granted Faircloth's motion to proceed IFP and found his complaint deficient pursuant to 28 U.S.C. § 1915(e). ECF 3. Faircloth was thus ordered to recast and has since filed an amended complaint and second amended complaint without the Court's leave. ECF 3; 6; 8. Faircloth also filed a motion to compel and motion for preservation order. ECF 7. Because Faircloth is proceeding IFP, the Court must screen and dismiss his amended complaint: (1) if it is frivolous or malicious; (2) if it fails to state a claim upon which relief may be granted; or (3) if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

Faircloth is suing Judge Sarah S. Harris in her individual and official capacities, Probate Court Clerk Elizabeth Whitby in her individual and official capacities, Captain Wilton R. Collins in his individual and official capacities, Sheriff David J. Davis in his official capacity, Sgt. Darius Inzar in his individual capacity, Deputy Dalton Palmer in his individual capacity, Detective Shaun Bridger in his individual capacity, Deputy J. Callaway in his individual capacity, Christopher C. Patterson in his individual capacity, Jodi Faircloth Adams, Jill F. Gillespie, Cherie H. Bland, Frances Adams Hawk, Jon Selby Reynolds Hawk, and five John Does. ECF 8 at 1. While Faircloth lists Counts in his second amended complaint (*id.* at 4-5), he does not specify which defendants his claims are asserted against. The Court has afforded liberal construction to Faircloth's second amended complaint.

**A. Claims against Defendants Bridger, Patterson, Gillespie, Bland, Frances Hawk, and Jon Hawk**

Despite naming them as Defendants, Faircloth fails to plead facts linking Defendants Bridger, Patterson, Gillespie, Bland, Frances Hawk, and Jon Hawk to any of the constitutional violations he alleges. Aside from Gillespie,[1] Frances Hawk, and possibly Jon Hawk,[2] Faircloth does not mention any of these Defendants in the body of his second amended complaint. Accordingly, Faircloth's claims against Defendants Bridger, Patterson, Gillespie, Bland, Frances Hawk, and Jon Hawk are

---

[1] The only reference to Defendant Gillespie in the second amended complaint is as follows: "Plaintiff's sisters Jodi Adams and Jill Gillespie did not reside at 115 High Ridge Dr. at any relevant time." ECF 8 ¶ 8.

[2] As to Defendants Frances Hawk and Jon Hawk, the only factual allegation is as follows: "During the incident [of September 11, 2023], Jodi Adams, while on multiple simultaneous phone calls, asked: 'Jon, Mason said what?' Frances Hawk responded: 'An Order to Apprehend.'" ECF 8 ¶¶ 34, 35. This lone allegation, including a passing reference to "Jon" which the Court assumes is Jon Hawk, offers sparse insight. Despite the Court's instructions (ECF 3 at 5), Faircloth fails to explain how these two individuals participated in any alleged constitutional violation(s).

**DISMISSED**. *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

**B. Claims Against Defendants Judge Harris and Probate Court Clerk Whitby**

Judges are entitled to absolute judicial immunity from liability for acts performed while acting in their judicial capacities. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). Judicial immunity applies to all judicial acts, even if such acts are alleged to be in error, malicious, or in excess of the judge's authority, unless done in the clear absence of all jurisdiction. *Id.* at 1239; *see Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1071 (11th Cir. 2005). Here, Faircloth alleges that Judge Harris signed an OTA on September 11, 2023. ECF 8 ¶ 26. While Faircloth asserts that "Judge Harris's actions were administrative and non-judicial in nature" (*id.* ¶ 33), they were clearly made in her judicial capacity. *See William B. Cashion Nev. Spendthrift Trust v. Vance,* 552 Fed. App'x 884, 886-87 (11th Cir. 2014) ("Entering orders is a normal judicial function occurring in judicial chambers."). Thus, Judge Harris is entitled to absolute judicial immunity, and Faircloth's claims against Judge Harris are **DISMISSED.**

Faircloth's allegations regarding Probate Court Clerk Whitby are threadbare and lack sufficient facts to associate her with a constitutional violation. In any event, she is immune from suit. "Court clerks enjoy 'a narrower ambit of immunity than judges.'"

*Hyland v. Kolhage*, 267 F. App'x 836, 842 (11th Cir. 2008) (quoting *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981))[3]. But, "[n]onjudicial officials have absolute [quasi-judicial] immunity for their duties that are integrally related to the judicial process." *Jenkins v. Clerk of Court, U.S. Dist. Court, So. Dist. Of Fla.*, 150 F. App'x 988, 990 (11th Cir. 2005). Faircloth alleges that "Probate Clerk Elizabeth Whitby stated that only Captain Wilton Collins is authorized to enter an OTA into the law-enforcement system." ECF 8 ¶ 27. Faircloth does not allege that Whitby was not engaging in duties integrally related to the judicial process, and thus she is entitled to absolute quasi-judicial immunity.[4] Accordingly, Faircloth's claims against Probate Court Clerk Whitby are **DISMISSED.**

### C. Claims Against Defendants Deputy Callaway and Deputy Palmer

Faircloth asserts claims for unlawful warrantless entry and unlawful seizure under the Fourth Amendment. ECF 8 at 4. The Fourth Amendment protects people from unreasonable seizures. *Ingram v. Kubik*, 30 F.4th 1241, 1250 (11th Cir. 2022) (citing *Roberts v. Spielman*, 643 F.3d 899, 905 (11th Cir. 2011)). "Mental-health seizures are reasonable under the Fourth Amendment when the officer has probable cause to believe that the seized person is a danger to himself or to others." *Id.* The Fourth Amendment also prohibits an officer's warrantless entry into a person's home, except in

---

[3] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

[4] *See Johnson v. Brown*, 2022 U.S. Dist. LEXIS 100126, at *6-7, 2022 WL 1907584 (N.D. Ga. Apr. 11, 2022) ("[C]ourt clerks, as court employees clearly engaging in court business, enjoy absolute quasi-judicial immunity for their actions."); *Palacios v. Fresno Cnty. Superior Ct.*, 2008 U.S. Dist. LEXIS 8034, at *6, 2008 WL 314337 (E.D. Cal. Feb. 4, 2008) (court clerk entitled to absolute quasi-judicial immunity for allegedly providing plaintiff with misinformation).

certain circumstances. *Roberts v. Spielman*, 643 F.3d 899, 905 (11th Cir. 2011) (*per curiam*). This protection extends to hotel rooms.[5]

Faircloth alleges that on January 24, 2023, "Deputy J. Callaway entered Plaintiff's hotel room using a master key provided by a hotel employee, without a warrant or exigent circumstances," and then arrested him for criminal trespass. *Id.* ¶¶ 17, 19. Faircloth alleges that he was "coherent, oriented, and not suicidal or homicidal." *Id.* ¶ 18. He further alleges that the "Defendants acted individually and in concert to deprive Plaintiff of liberty without probable cause." *Id.* ¶ 2. These allegations are thin, but the Court finds that at this early stage of the litigation, Faircloth has stated unlawful warrantless entry and unlawful seizure claims against Deputy Callaway.

As to Deputy Palmer, Faircloth alleges that on September 11, 2023, "Deputy Palmer entered Plaintiff's home without a warrant or served OTA, relying on purported consent from Jodi Adams." *Id.* ¶ 29. Faircloth alleges that he—the only present occupant of the home—refused to consent to Deputy Palmer's entry. *Id.* ¶ 30. While these allegations are likewise sparse, the Court finds that Faircloth has stated a claim for unlawful warrantless entry against Deputy Palmer.

**D. Claims Against Supervisory Defendants Captain Collins, Sergeant Inzar, and Sheriff Davis**

Liberally construing his second amended complaint, Faircloth asserts a "Monell Liability" "Policy, custom, Failure to Train" claim against Supervisory Defendants Captain Collins, Sergeant Inzar, and Sheriff Davis. ECF 8 at 5. He alleges that "[t]he

---

[5] "No less than a tenant of a house, or the occupant of a room in a boarding house, a guest in a hotel room is entitled to constitutional protection against unreasonable searches and seizures." *Stoner v. California*, 376 U.S. 483, 490 (1964); *United States v. Newbern*, 731 F.2d 744, 748 (11th Cir. 1984) ("[A person's] use of [a] motel room strictly for lodging provides the same expectation of privacy as would their home.").

repeated misuse of OTA authority, failure to verify activation status, and routine reliance on prior mental-health labels reflect a custom and practice within the Bibb County Sheriff's Office of bypassing statutory safeguards, known to supervisory defendants Collins, Inzar, and Davis and left uncorrected." ECF 8 ¶ 47. Aside from this conclusory assertion, Faircloth does not allege any facts to support supervisory liability for these defendants under 42 U.S.C. § 1983. *See Cottone v. Jenne,* 326 F.3d 1352, 1360 (11th Cir. 2003) (affirming dismissal of claims against supervisory defendants where plaintiffs failed to allege the causal connection required to impose supervisory liability). Accordingly, Faircloth's supervisory liability claims are **DISMISSED.**

### E. Claim Against Jodi Adams

Liberally construing his second amended complaint, Faircloth asserts a "42 U.S.C. § 1983 Conspiracy" claim against Jodi Adams. ECF 8 at 5. He alleges that on April 13, 2022, his sister "Jodi Adams initiated a 1013 affidavit without having seen or spoken to Plaintiff in approximately seven years." ECF 8 ¶¶ 8, 9. He further alleges, as described above, that on September 11, 2023, "Deputy Palmer entered Plaintiff's home without a warrant or served OTA, relying on purported consent from Jodi Adams." *Id.* ¶ 29.

"A plaintiff may state a § 1983 claim for conspiracy to violate constitutional rights by showing a conspiracy existed that resulted in the actual denial of some underlying constitutional right." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1260 (11th Cir. 2010) (citing *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1370 (11th Cir. 1998)). "The plaintiff attempting to prove such a conspiracy must show that the parties 'reached an understanding' to deny the plaintiff his or her rights. The conspiratorial acts must impinge upon the federal right; the plaintiff must prove an actionable wrong to

support the conspiracy." *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990) (citations omitted). This requires that the plaintiff "plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actor(s) and the private persons." *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) ("[A] defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed…. A complaint may [] be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy." (internal citations omitted)).

Faircloth has not alleged any facts to establish the relationship or nature of the conspiracy between Adams and any other person. More specifically, he does not allege any communications between Adams and any alleged state actors to show the parties "reached an understanding" to violate Faircloth's rights, besides a stand-alone allegation that Deputy Palmer entered Faircloth's home relying on Adams' consent. Because Faircloth has not adequately alleged the nature of the conspiracy, his claim against Adams is **DISMISSED.**

**F. Claim Against John Doe Jail Nurse**

Faircloth asserts a "Fourteenth Amendment Conditions of Confinement" claim, alleging that he was "denied water and food while detained [at Bibb County Jail]" for an unspecified amount of time and "assaulted by other detainees while yelling for assistance, and jail staff had a clear line of sight yet failed to intervene." ECF 8 ¶¶ 19-21. The only jail defendant Faircloth identifies is a "John Doe Jail Nurse." *Id.* at 1.

The Eleventh Circuit historically has applied the same standard for pretrial detainees' Fourteenth Amendment conditions-of-confinement claims and convicted

prisoners' Eighth Amendment conditions-of-confinement claims. *See Patel v. Lanier Cnty. Ga.*, 969 F.3d 1173, 1188 (11th Cir. 2020); *see also Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1044 n.35 (11th Cir. 2014) (stating that "the standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments") (quotations omitted). To state a conditions-of-confinement claim, a plaintiff must plausibly allege: (1) a substantial risk of serious harm; (2) deliberate indifference to that risk; and (3) causation. *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013); *Bowen v. Warden Baldwin State Prison*, 826 F.3d 1312, 1320 (11th Cir. 2016). Faircloth fails to set forth sufficient facts to plausibly allege a substantial risk of serious harm[6] or that the John Doe Jail Nurse, or any other defendant, was deliberately indifferent to any such risk.[7]

**G. Claim Against John Doe Medical Doctor and John Doe Sedation Nurse**

Liberally construing his second amended complaint, Faircloth asserts a Fourteenth Amendment substantive due process claim[8] for violation of his right to bodily integrity against a "John Doe Medical Doctor" at Atrium Health Medical Center and a "John Doe Sedation Nurse" at River Edge Behavioral Health. ECF 8 at 1, 5. Faircloth alleges that on April 13, 2022, he was "transported to River Edge Behavioral Health,

---

[6] To establish a substantial risk of serious harm, a plaintiff must allege "conditions that were extreme and posed an unreasonable risk of serious injury to his future health or safety." *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019) (quoting *Lane v. Philbin*, 835 F.3d 1302, 1307 (11th Cir. 2016)); *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004).

[7] To establish deliberate indifference, a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (quoting *Farmer v. Brennan,* 511 U.S. 825, 839 (1994)).

[8] Faircloth also asserts a procedural due process claim under the Fourteenth Amendment, but the Court cannot tell which allegations, if any, support this claim. ECF 8 at 5.

which declined admission due to lack of qualifying criteria." *Id.* ¶ 13. He alleges that he was transported to Atrium Health Medical Center and forcibly sedated against his will without examination. *Id.* ¶ 14. He alleges that he was forcibly sedated again on January 24-25, 2023. *Id.* ¶¶ 22, 24.

In *Washington v. Harper*, 494 U.S. 210, 229 (1990), the United States Supreme Court held that "forcible injection of medication into a nonconsenting person's body represents a substantial interference with that person's liberty." However, in a § 1983 substantive due process lawsuit, "even if a plaintiff alleges that executive action violated a fundamental right, the plaintiff must first show that the action 'shock[ed] the contemporary conscience.'" *Littlejohn v. Sch. Bd. of Leon Cnty., Fla.*, 132 F.4th 1232, 1240 (11th Cir. 2025). "Only the most egregious conduct is sufficiently arbitrary to constitute a substantive due process violation." *Waldman v. Conway*, 871 F.3d 1283, 1292 (11th Cir. 2017).

Faircloth does not allege that any person at River Edge Behavioral Health or Atrium Health Medical Center was acting under color of state law to establish liability under § 1983. Even if he did, his complaint lacks factual details to establish conscience-shocking conduct. He does not describe any of the circumstances of his forcible sedation beyond the dates they occurred. Accordingly, his substantive due process claim is **DISMISSED.**

Accordingly, the unlawful warrantless entry and unlawful seizure claims against Deputy Callaway and the unlawful warrantless entry claim against Deputy Palmer will proceed for factual development.  Faircloth's remaining claims are **DISMISSED.**

It is **ORDERED** that service be made on Deputy Callaway and Deputy Palmer by the United States Marshal Service.

Faircloth is advised that he must serve upon opposing counsel (or Deputy Callaway and Deputy Palmer if they are not represented by counsel) copies of all motions, pleadings, discovery, and correspondence (including letters to the Clerk or to a judge) filed with the Clerk of Court. Fed. R. Civ. P. 5(a). Faircloth shall include with any paper which is filed with the Clerk of Court a certificate stating the date on which a true and correct copy of that paper was mailed to Deputy Callaway and Deputy Palmer or their counsel. The Clerk of Court will not serve or forward to Deputy Callaway and Deputy Palmer or their counsel copies of any materials filed with the Court.

In addition, the following limitations are imposed on discovery: except with written permission of the Court first obtained, (1) interrogatories may not exceed twenty-five to each party (Local Rule 33.1), (2) requests for production of documents and things under Rule 34 of the Federal Rules of Civil Procedure may not exceed ten requests to each party (Local Rule 34), and (3) requests for admissions under Rule 36 of the Federal Rules of Civil Procedure may not exceed fifteen requests to each party (Local Rule 36).

Faircloth is responsible for diligently prosecuting his complaint, and failure to do so may result in dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. Faircloth is required to keep the Clerk of Court advised of his current address during the pendency of this action. Failure to promptly advise the Clerk of any change of address may result in the dismissal of this action.

**SO ORDERED**, this 28th day of January, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT